UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AHMAD MOHAMMAD AJAJ,

                          Movant,

      -against-                         16-cv-5031 (LAK)
                                                    (93-cr-0180 (LAK))

UNITED STATES OF AMERICA,

                          Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Movant filed a letter with the Court requesting that his appointed federal defender withdraw as counsel and the Court appoint new counsel. [16-cv-5031 DI 22; 93-cr-0180 DI 947, 949]. In the alternative, movant requests that he be permitted to file a *pro se* response to the government's letter of March 19, 2020 [93-cr-180 DI 945]. In light of movant's letter, his attorney, Robert Baum, filed a motion to be relieved and requested that the Court assign new counsel. [93-cr-180 DI 950]. Mr. Baum explained that "it appears clear that [movant] has lost confidence in counsel, and that the attorney client relationship is irreparably damaged." [*Id.*]

        Mr. Baum was appointed in this matter through Standing Orders in which the chief judge appointed the Federal Defenders of New York to represent eligible prisoners in their Section 2255 petitions that were based on *Johnson v. United States*, 135 S.Ct. 2551 (2015). *In re: Motions for Sentencing Reductions Under 28 U.S.C. § 2255 in Light of Johnson v. United States*, 15 Misc. 373 (S.D.N.Y. Nov. 18, 2015); *In re: Petitions Under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States*, 16 Misc. 217 (S.D.N.Y. June 8, 2016).[1] Mr. Baum filed a notice of appearance in movant's case on August 16, 2016. [93-cr-0180 DI 870].

        Counsel has shown a satisfactory reason for withdrawal, consistent with Local Civil Rule 1.4. Counsel's motion to be relieved [93-cr-0180 DI 950], and in turn, movant's request that his counsel withdraw, is granted.

        Movant's request for new counsel, however, is denied. There is no Sixth Amendment

---

[1] Contrary to movant's apparent assumption, *see* DI 947, he was not appointed as counsel to movant for all purposes or even for all purposes with respect to possibilities for relief under § 2255.

right to counsel in habeas corpus proceedings.  *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991).   This includes the right to counsel of choice.  *United States Sec. and Exch. Comm'n. v. Illarramendi*, 732 F.App'x 10, 14 (2d Cir. 2018).  Nonetheless, under the Criminal Justice Act, the Court may appoint counsel for "any financially eligible person who is seeking relief under . . . section 2255 of title 28" if it "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  The key word is "may." Appointment lies within the discretion of the district court.

"The likelihood that a movant's or prospective movant's claims have merit is central to the determination whether the interests of justice warrant the appointment of counsel at public expense." *United States v. El-Hage,* No. S798–cr–1023 (LAK), 2016 WL 1178817, at *2 (S.D.N.Y. Mar. 21, 2016) (footnote omitted).  Insofar as movant seeks another lawyer to represent him concerning *Johnson-Davis* issues, my decision of even date shows that there is no substantial likelihood of success. Insofar as movant seeks another lawyer to investigate or advance other, unspecified possible arguments, the Court is left without sufficient information to make an informed judgment that any such claims haves any likely merit.

Accordingly, insofar as movant seeks appointment of counsel, his application is denied.  Insofar as he alternatively seeks to file a *pro se* reply to the government's submission, his application is granted.  Any *pro se* response to the government shall be filed no later than August 24, 2020.

SO ORDERED.

Dated:  June 24, 2020

_____
Lewis A. Kaplan
United States District Judge