**MEMO ENDORSED**

RECEIVED OCT 23 2020 PRO SE OFFICE

Copies mailed by chambers. 10/26/2020. AM

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW

CASE No. 16-cv-5031(LAK)

[93-cr-0180 (LAK)]

AHMAD MOHAMMAD AJAJ,

v.

UNITED STATES OF AMERICA.

MOVANT'S PRO SE MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. && 144 and 455(a), UNDER THE PENALTY OF PERJURY

---

COMES NOW, the Movant Ahmad Mohammad Ajaj, pro se, and respectfully request that the Honorable Judge Lewis A. Kaplan recuse or disqualify himself from this case under 28 U.S.C. &&, 144 and 455, and to apply the procedures set out in this Court's local rules to have this case reassigned to another Judge. In support of this pro se motion, the Movant states the following under the penalty of perjury, pursuant to 28 U.S.C. & 1746, that the below are true and correct to the best of Movant's knowledge, beliefs, and information:

1. Section 144 provides that "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding".

2. The provisions of Section 144 are strictly construed. The reasons for this strict construction is that the Statute is mandatory. United States v. Betts-Gaston, 860 F.3d 525, 527-528 (7th Cir. 2017)(recusal is mandatory if the moving papers are sufficient, so requirements of Section 144 are strictly construed":

3. If the affidavit properly alleges prejudice and the other procedural requirements are met, then the court must accept the allegations as true, so if they are legally sufficient to requires recusal, then the judge must disqualify him or herself. See, United States v. Vigiorgi, 840 F.2d 1022, 1034-1035 (1st Cir. 1988)(court must accept allegations in affidavit as true).

4. Recusal is required even if the judge knows that the allegations are false. See, United States v. Occhipinti, 851 F.Supp. 523, 525 (S.D.N.Y. 1993), and United States v. Barnes, 909 F.2d 1059, 1071 (7th Cir. 1990).

5. Under Section 455, a judge is requires to "disqualify himself in any proceeding in which has impartiality MIGHT reasonably be questioned".

6. The use of the word "MIGHT" in 28 U.S.C. & 455(a) "clearly mandate that it would be preferable for a judge to err on the

*This motion is entirely without merit. DENIED*

SO ORDERED

*Lewis A. Kaplan* 
LEWIS A. KAPLAN, USDJ
10.24.2020

-1-