Case 1:16-cv-05031-LAK Document 36 Filed 12/18/20 Page 1 of 2

**MEMO ENDORSED**



RECEIVED OCT 23 2020 PRO SE OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

AHMAD MOHAMMAD AJAJ,

v.

UNITED STATES OF AMERICA.

CASE No. 16-cv-5031 (LAK)

MOVANT'S PRO SE MOTION FOR AN APPOINTMENT OF COUNSEL TO REPRESENT HIM IN HIS PENDING &2255 MOTION, TO INVESTIGATE AND ADVANCE OTHER GROUNDS FOR RELIEF, TO PREPARE AND FILE A MEANINGFUL RESPONSE TO ANY OBJECTIONS BY THE GOVERNMENT TO DISMISS COUNT NINE AND TO SEEK A FULL RESENTENCING DUE TO DISMISSAL OF COUNT TEN AND FOR THE INTEREST OF JUSTICE

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, the Movant Ahmad Mohammad Ajaj, pro se, and respectfully request that this Honorable Court appoints a lawyer to represent him in the above mentioned case for the following reasons:

1. Movant is a pro se prisoner, with a limited knowledge of criminal law and subjected to COVID-19 restrictions that limits his access to the Electronic Law Library to conduct a meaningful legal research of other legal claims that might entitles him to relief from the Court.

2. There are approximately 200 prisoners at FCC-Allenwood who contracted COVID-19. Movant only have one lung due lung cancer, suffering from asthma, apnea, heart problems, history of exposure to TB and pnemua, and other chronic health problems, and if he contracts COVID-19, he will not be able not work in this nor be able to file any response to objections or pleadings filed by the government in this case or to communicate with the Court at all.

3. A lawyer will be able to investigate and advance further legal arguments for relief such as Section 111 (a),(b) does not constitute a crime of violence, to investigate and advance argument that the application of & 924 (c) violates the Eighth Amendment especially against the Movant, who was in prison before, during and after WTC Bombing and no evidence was presented at his trial shows that he even had any advance knowledge of this horrible crime, and to investigate and advance argument that Movant's &924(c) conviction should be vacated because ther is no evidence he used or carried the firearm as charged in the indictment.

4. A lawyer will be able to clarify and strenghth the pending pro se arguments advanced by the Movant's in his pending reply

-1-

Memorandum Endorsement                                  Ajaj v United States, 16-cv-5031, 93-cr-180 (LAK)

    Movant seeks appointment of counsel (1) on his pending Section 2255 motion, (2) to investigate and advance other grounds for relief, (3) to respond to any objections by the government to dismissal of count 9, and (4) to seek a full resentencing in light of the dismissal of count 10.

*Standards Governing the Application for Appointment of Counsel*

    As this Court wrote in denying movant's most recent motion for appointment of counsel:

> "There is no Sixth Amendment right to counsel in habeas corpus proceedings. *Harris v. United States,* 367 F.3d 74, 77 (2d Cir. 2004) (citing *Coleman v. Thompson,* 501 U.S. 722, 752-53 (1991). This includes the right to counsel of choice. *United States Sec. and Exch. Comm'n. v. Illarramendi,* 732 F.App'x 10, 14 (2d Cir. 2018). Nonetheless, under the Criminal Justice Act, the Court may appoint counsel for 'any financially eligible person who is seeking relief under . . . section 2255 of title 28' if it 'determines that the interests of justice so require.' 18 U.S.C. § 3006A(a)(2)(B). The key word is 'may.' Appointment lies within the discretion of the district court. 'The likelihood that a movant's or prospective movant's claims have merit is central to the determination whether the interests of justice warrant the appointment of counsel at public expense.' *United States v. El-Hags,* No. S7 98-cr-1023 (LAK), 2016 WL 1178817, at *2 (S.D.N.Y. Mar. 21, 2016) (footnote omitted). Insofar as movant seeks another lawyer to represent him concerning *Johnson-Davis issues,* my decision of even date shows that there is no substantial likelihood of success. Insofar as movant seeks another lawyer to investigate or advance other, unspecified possible arguments, the Court is left without sufficient information to make an informed judgment that any such claims haves any likely merit." *United States v. Ajaj,* 93-cr-0180 (LAK), Dkt. 958, at 1-2 (S.D.N.Y. June 24, 2020).

*The Merits*

    Movant has shown no substantial likelihood of success on his pending 2255 motion, which is dispositive with respect to his points 1, 3 and 4. With respect to point 4, Movant is essentially identically situated with defendant Ayyad, whose counsel (Federal Defenders) unsuccessfully sought a full resentencing, *Ayyad v. United States,* No. 93-cr-0180 (LAK), 2020 WL 5018163 (S.D.N.Y. Aug. 24, 2020), which of course bodes ill for this movant. Moreover, this Court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The assertion that movant should be granted a full resentencing, especially on the facts of this case, does not constitute such a showing.

    Finally, it would be inappropriate to appoint counsel now "to investigate and advance other claims for relief" and premature to do so to respond to any objections the government "may" raise.

*Conclusion*

    The motion (93-cr-0180 Dkt 987, 16-cv-5031 Dkt 30) is denied.

    SO ORDERED.

Dated:    November 29, 2020

                                                               Lewis A. Kaplan
                                                        United States District Judge