UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AHMAD MOHAMMED AJAJ,

                Movant,

     -against-

                                                   16-cv-5031 (LAK)
                                                 (93-cr-0180 (LAK))

UNITED STATES OF AMERICA,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

LEWIS A. KAPLAN, *District Judge.*

        Ahmed Mohammed Ajaj was convicted on multiple felony counts in connection with the 1993 World Trade Center bombing in which six people were killed and more than a thousand injured, and in which the bombers caused millions of dollars in damage. Among the counts of conviction were two counts under 18 U.S.C. § 924(c), Counts 9 and 10. The predicate offense for Count 9 was assault on a federal official in violation of 18 U.S.C. § 111, as charged in Count 8. The predicate offense for Count 10 was conspiracy to destroy buildings in violation of 18 U.S.C. § 371.

        At a prior resentencing, Ajaj was sentenced principally to (1) concurrent terms of imprisonment of 658 months on Counts 1-6 and 8, and (2) to two additional 30-year sentences on each of Counts 9 and 10 (the Section 924(c) counts) to run consecutively to each other and to the 658 months of imprisonment on Counts 1-6 and 8 [DI 801].[1] The total sentence was 1,378 months. *See United States v. Salameh*, 261 F.3d 271, 275 (2d Cir. 2001).

---

[1] All docket references are to 93-cr-0180 unless otherwise indicated.

2

In June 2016, Ajaj and several of his co-defendants filed nearly identical 28 U.S.C. § 2255 motions challenging their convictions on Counts 9 and 10 [DI 859, 862, 863, 867]. They argued that the predicate offenses for Counts 9 and 10 were not "crimes of violence" under *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Court stayed the motions pending resolution of constitutional challenges to Section 924(c)(3)'s definition of a "crime of violence" [DI 865, 873, 902].

Following the decisions in *United States v. Davis*, 139 S.Ct 2319 (2019), and *United States v. Barret*, 937 F.3d 126 (2d. Cir. 2019), the Court vacated the moving defendants' convictions on Count 10 [DI 941]. As to Count 9, the Court concluded that Count 8 charged defendants with assault on a federal official under 18 U.S.C. § 111(b), which requires the use of a deadly or dangerous device and, accordingly, is a "crime of violence." *Id*. The Court requested additional briefing on defendants' argument that Count 8 was not a "crime of violence" because the jury instructions permitted conviction on a *Pinkerton* theory. *Id*.

Subsequently, Ajaj objected to being represented by his previously appointed federal defender [DI 947]. The Court relieved Ajaj's counsel and granted Ajaj additional time to respond *pro se* to the government's opposition [DI 958, 978].

In the interim, the Court decided Ajaj's co-defendants' remaining challenge to Count 9. The Court held that Count 8 remained a "crime of violence" despite the jury instruction permitting conviction on a *Pinkerton* theory. *See Abouhalima v. United States*, No. 20-cv-834(LAK), 2020 WL 3318031 (S.D.N.Y. June 18, 2020); *Ayyad v. United States*, No. 93-cr-0180 (LAK), 2020 WL 3447953, (S.D.N.Y. June 24, 2020). The Court denied also Ajaj's co-defendant's motion for a full resentencing and instead entered an amended sentence reflecting the dismissal of Count 10. *Ayyad v. United States*, No. 16-cv-4346 (LAK), 2020 WL 5018163 (S.D.N.Y. Aug. 24, 2020).

On September 29, 2020, after Ajaj failed to file his reply brief by the September 23

deadline, the Court ordered that it would not consider additional papers on Ajaj's motion [DI 984]. Shortly thereafter, Ajaj informed the Court that he had been isolated in the hospital from September 1through 25 and had been unable to file his reply brief during that time [16-cv-5031, DI 28]. Ajaj mailed his reply brief to the Court on September 29, 2020 and requested that the Court accept his late-filed brief. *Id.*

*Movant's Arguments*

As an initial matter, the Court has discretion to accept untimely filings in cases of excusable neglect, including "delays caused by inadvertence, mistake, or carelessness . . . at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (internal citation and quotation marks omitted). Here, Ajaj contends that he was hospitalized when his reply brief came due. [16-cv-5031, DI 28]. The brief then was mailed 6 days after it was due. *Id.* In the circumstances, the Court will consider Ajaj's late-filed reply brief.

The challenges raised in Ajaj's reply brief were not raised on direct appeal. Generally, when a challenge to conviction is not raised on direct appeal, a defendant is prohibited from doing so in a Section 2255 petition unless he demonstrates "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Thorn v. United States*, 659 F.3d 227, 231 (2d Cir. 2011). Even if these arguments were not defaulted, each would face another procedural hurdle because it was not raised in Ajaj's Section 2255 motion. It is well settled that an argument raised for the first time in a reply brief is not a proper basis for granting relief. *See Best v. Barbarotta*, 790 F. App'x 336, 337 n. 2 (2d Cir. 2020); *N.L.R.B. v. Star Color Plate Serv., Div. of Einhorn Enterprises, Inc.*, 843 F.2d 1507, 1510 n. 3 (2d Cir. 1988).

*Pinkerton Charge*

Nonetheless, as previously explained with regard to Ajaj's co-defendants, the Court will consider whether the trial court's *Pinkerton* instruction invalidates Ajaj's Count 9 conviction. *See Ayyad*, 2020 WL 3447953, at *2. But the argument fails on its merits. As the Court previously explained, a conviction based on a *Pinkerton* theory is a substantive conviction not a conviction for conspiracy. *Id. See also Abouhalima*, 2020 WL 3318031, at *2 (*citing United States v. Blanco*, 811 F.App'x 696, 701 n. 2 (2d Cir. 2020).[2] Accordingly, Count 8 remains a valid predicate offense for Ajaj's Count 9 conviction.

*Rosemond-Elonis Argument*

Ajaj argues also that the trial court's jury instructions were improper in light of *Rosemond v. United States*, 134 S.Ct. 1240 (2014), and *Elonis v. United States*, 135 S.Ct. 2001 (2015). Neither of these challenges was raised on direct appeal, and Ajaj has not made any showing sufficient to overcome the procedural default. Even if the challenges were not defaulted, they were likely waived because Ajaj failed to raise them in his initial Section 2255 motion. In any case, these arguments would fail on the merits.

In *Rosemond*, the Supreme Court held that a Section 924(c) conviction may be based on an aiding and abetting theory only if the defendant knew in advance that he was aiding a crime involving the use of a firearm. 134 S.Ct. at 1249. Here, the trial court instructed the jury that "to convict a defendant of aiding and abetting another person's use of the destructive device in relation

---

[2] Ajaj argues that by vacating the Second Circuit's decision in *Barrett*, the Supreme Court rejected the theory that a conviction premised on *Pinkerton* could serve as the predicate offense to a Section 924(c)(3) conviction. *See Barrett v. United States*, 139 S.Ct. 2774 (2019). But *Barrett* involved a conspiracy charge, not a substantive charge based on a *Pinkerton* theory, and therefore does not stand for the proposition relied on here.

to a crime of violence, you must find that the defendant . . . intended in advance that the crime would involve the use or carrying of destructive devices" [DI 931-2 at 9173:18-24].[3] This instruction is plainly was sufficient under *Rosemond*.

In *Elonis*, the Supreme Court held that a conviction under 18 U.S.C. § 875(c) requires proof of a defendant's subjective intent. 135 S.Ct. at 2011. Ajaj contends that according to *Elonis* the trial court erred by permitting the jury to infer his state of mind from circumstantial evidence. But even assuming that the reasoning in *Elonis* applies to Section 924(c), it would not render the trial court's instruction erroneous. *See e.g. United States v. Dierks*, 978 F.3d 585, 590 (8th Cir. 2020) (circumstantial evidence may be used to infer subjective intent); *United States v. Howard*, 947 F.3d 936, 946-47 (6th Cir. 2020) (same).

### Sufficiency of the Evidence

In addition to challenging the jury instructions, Ajaj argues that the evidence at trial was insufficient to support his conviction on a *Pinkerton* theory, particularly because he had been incarcerated for six months before the bombing [16-cv-5031, DI 29]. But this argument was raised and rejeected on direct appeal. *See United States v. Salameh*, 152 F.3d 88, 152-55 (2d Cir. 1998). "[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." *Douglas v. United States*, 13 F.3d 43, 46 (2d Cir. 1993). Accordingly, the Court is precluded from considering these issues.

---

[3] Ajaj requested permission to supplement his reply brief with a copy of the jury instructions, which he claims he was unable to obtain until October 2020 [16-cv-5031, DI 32]. But the jury instructions were attached as an exhibit to the moving defendants' January 27, 2020 reply brief and for that reason are properly before the Court on this motion.

*Movant's Supplemental Arguments*

In addition to his September 29, 2020 reply brief, Ajaj filed a supplemental brief on October 23, 2020 [16-cv-5031, DI 33]. He argues that according to the "categorical approach" described in *Shular v. United States*, 140 S. Ct. 779 (2020), Count 8 is not a "crime of violence" because assault on a federal official under 18 U.S.C. § 111(a) does not require the use of violent physical force. But the Court already concluded that Count 8 charged Ajaj under Section 111(b)–not Section 111(a) [DI 941]. Accordingly, the Court interprets Ajaj's supplemental brief as a motion for reconsideration.

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Ajaj's supplemental brief cannot alter the Court's prior conclusion, as that decision utilized the "categorical approach" advocated by Ajaj. The "modified categorical approach" described in the government's opposition and relied on in the Court's decision "merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute." *Descamps v. United States*, 133 S.Ct. 2276, 2285 (2013). Accordingly, the Court will not reconsider its prior decision.

*Resentencing*

The Court's February 2020 decision vacated the moving defendants' Count 10 convictions [DI 941]. The Court stated also that it would enter amended judgments reflecting that decision.

Subsequently, Ajaj requested that the Court appoint counsel to assist him in, among other pursuits, seeking a full resentencing in light of the Count 10 dismissal [16-cv-5031, DI 30]. The

Court denied the request because Ajaj was unlikely to succeed in obtaining a full resentencing [16-cv-5031 DI 36]. As that order noted, the Court previously had denied Ajaj's co-defendant's motion for resentencing, and Ajaj is identically situated with regard to that motion.

Accordingly, and for the reasons explained in the Court's prior decision,[4] a full resentencing is not required here and would serve no practical purpose.

*Conclusion*

Ajaj's motion to vacate his conviction [93-cr-0180 DI 862; 16-cv-5031 DI 1] is granted to the extent that the conviction on Count 10 is vacated and denied in all other respects. The Court will enter an amended judgment reflecting the vacatur of Count 10 and reducing Ajaj's aggregate term of imprisonment from 1,378 to 1,018 months. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. §1915(a)(3).

The Clerk shall mail a copy of this decision to the movant.

SO ORDERED.

Dated:    January 6, 2021

_____
Lewis A. Kaplan
United States District Judge

---

[4] *Ayyad*, 2020 WL 5018163, at *2 (quoting *United States v. Quintieri*, 306 F.3d 1217, 1227-28 (2d Cir. 2002)).