UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2021 FEB -9 AM 11: 06

CASE NO. 16-5031(LAK)

AHMAD MOHAMMAD AJAJ,

v.

UNITED STATES OF AMERICA.

PETITIONER'S PRO SE TIMELY MOTION FOR RECONSIDERATION OF "MEMORANDUM OPINION" [ECF No. 37] UNDER RULE 59(e) AND ANY OTHER APPLICABLE RULES AND LAWS WHICH IS FILED UNDER THE MAIL-BOX RULE

COMES NOW, the Petitioner Ahmad Mohammad Ajaj, pro se, and respectfully request that this Court reconsider its order denying the dismissal of Count 9, a full resentence, and a Certificate of Appealability because:

1. THE COURT ERRED BY FINDING THAT THE PETITIONER'S ARGUMENTS TO DISMISS COUNT 9 BASED ON ROSEMOND v. UNITED STATES, ELONIS v. UNITED STATES, AND BASED ON OTHER LEGAL THEORIES ARE PROCEDURAL DEFAULT WHEN THE GOVERNMENT NEVER ASSERTED THE PROCEDURAL DEFAULT AS DEFENSE AND BECAUSE THE PETITIONER IS A PRO SE LITIGANT:

Its well-established that the procedural default is an affirmative defense that must be raised by the government. See, Trest v. Cain, 522 U.S. 87, 88 (1997)("procedural default is normally a 'defense' that the state is 'obligated to raise' and 'preserve' if it is not 'lose the right to assert the defense thereafter').

The government did not plead the affirmative defense that Petitioner's arguments are procedurally default, and therefore, the government waived the affirmative defense of procedural default by failing to raise it. See, Jenkins v. Anderson, 447 U.S. 231, 234 n. 1, 100 S.ct. 2124, 65 L.Ed.2d 86 (1980)(noting that procedural default is an affirmative defense that must be raise or otherwise the defense is waived.

For sake of argument even if the government raised this defense, Petitioner's claims are not procedural default because he is a pro se litigant and his previously appointed Attorney never consulted with him nor send him draft of his pleadings on his behalf before filing them nor he raised these same arguments when petitioner requested that he do so, and the government did not prejudice by Petitioner seeking the dismissal of count 9 based on new arguments. See, Nielson v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014)('pro se litigant is particular should be afforded every reasonable opportunity to demonstrate that he has a vaild claim"); and Grail v. United States, 2003 WL 21785150, at *2 n. 2 (S.D.N.Y., July 31, 2003)("it is unclear whether petitioner has actually made a claim of involuntary plea. because he is pro se, the court considers it nonethless").

**2. THE COURT IGNORED WELL-ESTABLISHED LAW BY CONCLUDING THAT COUNT 9 SHOULD NOT BE DISMISSED:**

The Court ignored the cases cited by the Petitioner in support of the dismissal of Count 9 and misapplied the law when it concluded that Count Nine should not be dismissed. (Please, see the cases cited in Petitioner's pro se filing supporting the dismissal of Count 9).

**3. BECAUSE THE ORIGINAL SENTENCE IMPOSED AS A PACKAGE OF INTERCONNECTED, THE DISTRICT COURT SHOULD VACATED THE SENTENCE ON ALL OTHER COUNTS TO ENSURE THAT OVERALL SENTENCE REMAINS CONSISTENT WITH THE CURRENT SENTENCING GUIDELINES:**

The Second Circuit has recognized the sentencing package doctrine on direct appeal in the context of remands for resentencing on related counts following vacature of Section 924(c) conviction on direct appeal. In United States v. Bermudez, 82 F.3d 548, 550 (2d Cir. 1996), the Second circuit vacated the defendant's Section 924(c) conviction in light of Baily. the court also vacated the sentences on related counts and remanded to the district court for a full resentencing. See, also Acosta v. United States, 2019 U.S. Dist. LEXIS 1490, at *10 (W.D.N.Y., Sept. 2, 2019)("the government has indicted its agreement with Acosta that, in light of Davis his conviction under 18 U.S.C. & 924(c) (Count 9) must be vacated ... The government also joins Acosta's request for a full resentencing hearing"); Dean v. United States, 197 L.Ed.2d 490, 494 (2017)("as a general matter, these sentencing provisons permit a court imposing a sentence on one count of conviction to consider sentence imposed on other counts"); and Davis v. United States, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019)("the defendants are entitled to a full resentencing, not just more limited remedy the court granted them").

A full resentencing is necessary because the Petitioner was sentenced twenty eight years ago, before the Guidelines made advisory and his current sentencing is wrong under the current sentencing guidelines. See, e.g.,

-2-

Gonzales v. United States, 2020 U.S. Dist. LEXIS 156868, atn *3 (S.D.N.Y. Aug. 25, 2020)(after vacating 924(c) the court agreed with petitioner that a full resentencing is necessary because he was sentenced twenty years ago, before the guidelines made advisory); United States v. Braswell, 2020 U.S. Dist. LEXIS 90312 (N.D.C. May 22, 2020)("because the court is ordering a full resentence on Count two 924(c), the Guidelines in effect at the time of sentencing apply under 18 U.S.C. & 3553(a)(4)(A)(ii)").

4. THE COURT SHOULD GIVE THE PETITIONER THE OPPORTUNITY TO PRESENT ARGUMENTS OR EVIDENCE IN SUPPORT OF A FULL RESENTENCING INCLUDING EVIDENCE OF HIS POST REHABILITATION AND HIS SERIOUS HEALTH PROBLEMS INCLUDING THE REMOVAL OF HIS LEFT LUNG DUE TO CANCER, HEART PROBLEMS, ASTHMA, APNEA, CFS, HIGH BLOOD PRESSURE, AND OTHER HEALTH PROBLEMS:

This Court not even given the Petitioner the opportunity to present arguments and evidence in support of a full resentencing including evidence of his post rehabilitation, which includes completing more than 60 educational programs, more than 500 hours of community services, and his participation in the Challenge and the Life Connection Programs. Evidence regarding his serious health sentence that are relevant to resentencing. See, Dean v. United States, 197 L.Ed.2d 490, 495 (2017)("evidence of postsentencing rehabilitation may be highly relevant to several of 18 U.S.C.S & 3553(a) factors that the Congress has expressly instructed district courts to consider at sentencing").

5. THE COURT SHOULD ALLOW THE PETITIONER TO SUBMIT ARGUMENYS IN SUPPORT OF ISSUING A CERTIFICATE OF APPEALABILITY.

DATED: 1-28-2021.


Respectfully submitted,

Ahmad Mohammad Ajaj
#40637-053
USP-Allenwood
P.O.Box 3000
White Deer. PA 17887

# PROOF OF SERVICE
## UNDER THE MAIL-BOX RULE

I certify that on **1-28-2021** (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

CLERK OF THE COURT
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE
NEW YORK, N.Y. 10007

KATHERINE GHOSH
AUSA
U.S. ATTORNEY'S OFFICE
1 ST. ANDREW'S PLAZA
NEW YORK, N.Y. 10007

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on **1-28-2021** (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: **1-28-2021**

Rev. 04/2015

INMATE NAME/NUMBER: AHMAD M. AJAJ #40637-053
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD USP
P.O. BOX 3000
WHITE DEER, PA 17887

HARRISBURG PA 171
2 FEB 2021 PM 2 L

CLERK OF THE COURT
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE
500 PEARL STREET
NEW YORK, N.Y. 10007

10007-133095 —LEGAL MAIL—

RECEIVED
SDNY PRO SE OFFICE
2021 FEB -9 AM 10:

Pro Se JKR